# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

IN RE:
DAVID ALLEN BALES
KELLY SUSAN BALES
DEBTORS                                                              CASE NO. 19-50373

## TRUSTEE'S REPORT AND RECOMMENDATION AS TO CONFIRMATION

Confirmation: NOT RECOMMENDED

    1.    The following documents were not provided to the trustee: copies of the 2018 federal and state tax returns, and the certificates of title to the 2017 Nissan Pathfinder and the 2017 Acura RDX.

    2.    According to the testimony at the meeting of creditors, the tax returns for 2018 are not yet filed. Section 1308(a) requires debtors to file with the tax authorities all tax returns for all tax periods ending during the four years before the date of the petition. The plan cannot be confirmed until these tax returns are filed. 11 U.S.C. § 1325(a)(9). A case may be dismissed for not timely filing the returns. 11 U.S.C. § 1307(e). If all required tax returns are not filed by the date first set for the meeting of creditors, the trustee may hold open the meeting to allow additional time to file the return. 11 U.S.C. § 1308(b)(1). Returns for 2018 must be filed by the later of April 15, 2019 or 60 days after the date first scheduled for the 341 meeting. The trustee's deadline for filing the tax returns is not changed by any extension of time granted by the IRS for filing the returns. The trustee will file a motion to dismiss the case after the expiration of the deadline in the absence of evidence – affidavits of the debtors – that all required tax returns are filed.

    3.    The wages and payroll deductions in the budget for Mr. Bales and the information on the pay documents do not match. The budgeted income does not appear to include earnings

for overtime pay and is understated by approximately one-half. Amend the budget to correct wages and deduction information for Mr. Bales and update the monthly net income on Schedule J as required.

4. The debtors are not paying all monthly net income toward the plan payment. Schedule J shows $1,467.33 available to fund a plan, but the plan payment is $650.00. Pursuant to § 1325(b)(1) the plan must pay all claims in full or the debtors must pay all monthly net income toward their plan payment. Based on the trustee's objection to the plan, the debtors must amend the plan to meet the requirements of § 1325(b)(1).

5. The plan is not feasible.

   a. A proof of claim for mortgage arrearages was filed in an amount higher than estimated in the plan. [POC 14].

   b. HUD filed proof of a secured claim. The claim is not specifically addressed in the plan. Paying the claim under the default treatment provided by the plan requires payment in full with interest at prime plus 2.

   c. The Kentucky Department of Revenue filed proof of a priority claim that was not scheduled. Based on the amount of this claim, priority claims will not be paid in full within 60 months.

   d. Action is necessary to address the above claims, such as amending the plan to increase plan payments, filing objections to claims, or filing other appropriate motions.

6. The trustee estimates a pool amount of approximately $128,265.00 may be required to present a confirmable plan.

7. Amend section 8.1 to include the month and year in which the increased plan payment begins after the retirement loan payments end.

       Beverly M. Burden, Chapter 13 Trustee

       By:    /s/ Cheryl E. James
               Cheryl E. James,
               Attorney for Trustee
               Ky. Bar ID: 88883
               P.O. Box 2204
               Lexington, KY 40588-2204
               (859) 233-1527
               notices@ch13edky.com

## CERTIFICATE OF SERVICE

The foregoing was served via ECF on Greg A. Jennings, Esq. on April 23, 2019.

       Beverly M. Burden, Chapter 13 Trustee

       By:    /s/ Cheryl E. James
               Cheryl E. James,
               Attorney for Trustee